**The STATE of Ohio, Appellee,**

**v.**

**FERRATO, Appellant.**

[Cite as *State v. Ferrato*, 167 Ohio App.3d 136, 2006-Ohio-3219.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2005–P–0070.

Decided June 23, 2006.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Eric R. Fink, Assistant Prosecuting Attorney, for appellee.

Timothy D. McKinzie, for appellant.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, Jeremy Ferrato, appeals from the judgment entry dated June 21, 2005 from the Portage County Municipal Court denying his motion to suppress evidence of his breath alcohol content ("BAC") obtained from a BAC Datamaster test. On August 2, 2005, Ferrato pleaded no contest to a charge of driving while under the influence of alcohol. The trial court found Ferrato guilty

of violating R.C. 4511.19(A)(1)(a) and (A)(1)(d)[1] and stayed the execution of Ferrato's sentence pending this appeal. For the reasons that follow, we affirm.

{¶ 2} On May 14, 2004, following the initiation of a traffic stop by the Kent Police Department, appellant was charged with violating R.C. 4511.19(A)(1)(a), reckless operation in violation of R.C. 4511.20, and expired plates in violation of R.C. 4511.21. Subsequently, appellant submitted to a breath alcohol test administered through the use of a BAC Datamaster, an approved measurement device according to Ohio Adm.Code 3701–53–02. The test returned a BAC level of .166 per 210 liters. Appellant was then charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a)(4). See footnote 1.

{¶ 3} Appellant timely asserts the following single assignment of error in his appeal:

{¶ 4} "The trial court erred as a matter of law in overruling Defendant's motion to suppress the breath test results which were analyzed by a procedure which routinely substantially deviates from Department of Health regulations as set forth in the Ohio Administrative Code."

{¶ 5} It is important to clarify the working relationship between the simulator at issue on this appeal and the BAC Datamaster. The simulator acts as a practice run prior to a test administered on an actual subject by the BAC Datamaster. The simulator is checked once per week along with the Datamaster using a known alcohol content solution to "make sure it's within the tolerance which is issued by the Ohio Department of Health," according to the senior operator for the Datamaster for the Kent Police Department. The senior operator further testified that the purpose of the simulator is to "heat up the vapor" or alcohol solution to 34 degrees Celsius, plus or minus one degree. A test is then run using the known alcohol solution with the BAC Datamaster to check that the results of the test match the known alcohol solution level.

{¶ 6} The manufacturer of the simulator recommends certification for its instrument once every 13 months. The certification for the simulator used in connection with appellant's BAC test had expired 13 months prior to the test. This failure to comply with the manufacturer's recommendation is the basis for

---

1. Although it is not presented for review, the trial court also cites R.C. 4511.19(A)(1)(a)(4). This is not an accurate statute cite. We are not convinced that the reference to 4511.19(A)(1)(a)(4) is the work product of the trial court judge in this case. Notably, the reference (4) appears to have been inserted and is actually in a different penmanship and different pen color than that apparently used by the trial judge. We believe that appellant cited the proper authority in his brief as R.C. 4511.19(A)(1)(d). Since appellant is therefore obviously aware of the nature of the conviction, the error is harmless. See *State v. Groner* (Mar.31, 1998), 7th Dist. No. 96 C.A. 144, 1998 WL 158856.

appellant's appeal and the basis on which he challenged the admissibility of the breathalyzer test at the trial court level.

{¶ 7} In general, once an issue of reliability has been raised regarding a breath test or the equipment utilized in the test, the state must show that it substantially complied with the statutory requirements as promulgated by the Director of Health. See *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740. The substantial-compliance standard, however, will only excuse errors that are "de minimis" or "excusable" as minor infractions. *State v. Mayl,* 106 Ohio St.3d 207, 833 N.E.2d 1216. In addition, to succeed in challenging the admissibility of a breathalyzer test, the defendant must be able to show that the state's failure to strictly comply with the regulations was prejudicial. *State v. Monsour* (Dec. 5, 1997), 11th Dist. No. 96–P–0274, 1997 WL 772941. Absent a showing of prejudice to the defendant, substantial compliance will overcome a challenge on admissibility. Id. See, also, *State v. McCardel* (Sept. 28, 2001), 11th Dist. No. 2000–P–0092, 2001 WL 1149182.

{¶ 8} The Ohio Administrative Code sets forth the requirements for testing instrument validity on breath-testing equipment. Ohio Adm.Code 3701–53–04. The code is silent as to specific calibration or certification requirements for the simulator.

{¶ 9} The regulation of specific scientific requirements for testing and maintaining equipment for alcohol analysis has been securely vested in those with the scientific expertise to advise on such matters. See *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 32. More on point, "[s]pecific regulations regarding the maintenance and operation of the simulator and the Datamaster are areas of scientific expertise." *State v. Brandt,* 5th Dist. No. 2002AP020008, 2002-Ohio-5474, 2002 WL 31883747, at ¶ 19. Therefore, the discretion for formulating rules and regulations concerning the simulator must vest with the Director of Health. Id. See, also, *State v. Krotine* (July 9, 1999), 6th Dist. No. E–98–087, 1999 WL 461758.

{¶ 10} In *Krotine,* the Sixth District analyzed a similar set of circumstances regarding the calibration requirements as set forth by the manufacturer for the simulator. "[W]hile the manufacturer of the simulator may recommend annual calibration of one component, the regulations controlling breath alcohol concentration testing do not require that. In fact, language requiring adherence to techniques for calibration recommended by the manufacturer of the calibration instrument or the director of health was deleted from Ohio Adm.Code 3701–53–02 and 3701–53–04 effective July 7, 1997." *Krotine* at *2. This analysis is consistent with other jurisdictions. See *State v. Whitaker,* 2nd Dist. No. 2002–CA–82, 2003-

Ohio-3398, 2003 WL 21487319; see, also, *State v. Nichols,* 5th Dist. No. 01 CA 016, 2002-Ohio-4048, 2002 WL 1821811; *Brandt,* supra.

{¶ 11} Due deference must be given to the Director of Health in matters of such scientific expertise. *State v. Monaghan,* 1st Dist. No. C–040655, 2005-Ohio-4051, 2005 WL 1863455. The Ohio Administrative Code is silent as to testing or certification requirements for the simulator used in breath analysis. We cannot interpret that silence as imposing an affirmative duty to follow the manufacturer's recommendations. "The Director of Health could have required a checklist to make sure the simulator was functioning properly. The Director of Health did not do that." *Nichols,* supra, at ¶ 54.

{¶ 12} Appellant has failed to show the required nexus between the expired certification for the simulator and the positive BAC test results. In order to succeed in challenging the reliability of a breath analysis, the challenger must be able to connect the alleged error to the outcome of the test. See *Monsour,* supra. Appellant has failed to meet this burden. Presumably, due to the intrinsic working relationship between the simulator and the BAC Datamaster, only when both instruments are working properly will the simulated test match the known solution. *Brandt,* supra, at ¶ 112. There is no evidence in the record to suggest that the lack of a timely simulator certification negatively affected the test results in this case.

{¶ 13} Therefore, we find that the state has substantially complied with the requirements promulgated by the Director of Health as set forth in the Ohio Administrative Code. We further find that appellant has failed to demonstrate the required prejudice as a result of the state's failure to follow the manufacturer's recommendations for the simulator.

{¶ 14} For the foregoing reasons, appellant's assignment of error is without merit, and the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

Judgment affirmed.

DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.